UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Judith M. Krebsbach, | Civil No. 24-257 (DWF/TNL) |
| Plaintiff, | |
| v. | |
| The Travelers Pension Plan and The Travelers Companies, Inc., *as Plan Administrator and Sponsor of The Travelers Pension Plan*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

## INTRODUCTION

This matter is before the Court on Defendants The Travelers Pension Plan and The Travelers Companies, Inc.'s ("Defendants") motion for judgment on the pleadings. (Doc. No. 30.) Plaintiff Judith M. Krebsbach opposes the motion. (Doc. No. 39.) For the reasons set forth below, the Court denies in part and grants in part Defendants' motion.

## BACKGROUND

Krebsbach asserts claims against Defendants under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), arising out of The Travelers Pension Plan ("Plan") under which Krebsbach is covered. (Doc. No. 24 ("Am. Compl.") ¶¶ 1, 5.)

Krebsbach began working for The Travelers Companies, Inc. (formerly known as The St. Paul Companies, Inc.) almost fifty years ago and is still employed there today. (Am. Compl. ¶ 6.) Krebsbach is a participant in Travelers' pension plan, which is a

qualified defined benefit plan under § 401(a) of the Internal Revenue Code. (*Id.* ¶ 7.) Both parties agree that Krebsbach is entitled to the larger lump-sum benefit available, but the parties disagree on how to calculate the benefits. (*Id.* ¶ 58.)

Krebsbach invokes two separate provisions of ERISA in her two-count complaint. Krebsbach asserts a "Claim for Benefits Due" ("Count I") under 29 U.S.C. § 1132(a)(1)(B), which provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." (*Id.* ¶ 120.) This claim is to determine which calculation is correct and therefore what benefit Krebsbach is owed. (*Id.* ¶¶ 120-34.) Krebsbach also asserts "Breaches of Fiduciary Duty" ("Count II") under 29 U.S.C. § 1132(a)(3) which entitles beneficiaries or participants to initiate a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." (*Id.* ¶ 137.) Krebsbach seeks relief under three such alleged breaches. First, Krebsbach alleges that Defendants "breached [their] duty of loyalty owed to Krebsbach by choosing parts of the Plan most favorable to Travelers." (*Id.* ¶ 139.) Krebsbach seeks "appropriate equitable relief, including to be made whole under the surcharge remedy or reformation of the Plan." (*Id.*) Second, Krebsbach alleges that Defendants breached their "fiduciary duty to provide [a Summary Plan Description ("SPD")] that complied with 29 U.S.C. § 1022(a)." (*Id.* ¶ 144.) Krebsbach seeks "appropriate equitable relief including to be made whole

2

under the surcharge remedy or reformation of the Plan to be consistent with the SPD." (*Id.*)  Third, Krebsbach alleges that Defendants breached their fiduciary duty by "fail[ing] to provide Krebsbach with prompt, complete, and accurate information." (*Id.* ¶ 146.)  Krebsbach seeks "appropriate equitable relief, including a remand to permit Krebsbach a full and fair review of her claim and attorneys' fees and other costs caused by Travelers' breach." (*Id.*)

Defendants move for partial judgment on the pleadings with respect to Count II, arguing that Krebsbach is not entitled to any remedy which she seeks for the alleged breaches of fiduciary duty. (Doc. No. 30 at 1.)  Krebsbach opposes Defendants' motion. (Doc. No. 39.)

## DISCUSSION

### I. Legal Standard

A party may move for judgment on the pleadings at any point after the close of the pleadings, so long as it moves early enough to avoid a delay of trial.  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law . . . ."  *See Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)).  The Court evaluates a motion for judgment on the pleadings under the same standard as a motion brought under Federal Rule of Civil Procedure 12(b)(6).  *See id.*

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the

3

light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**A.    Analysis**

Defendants identify the following potential issues with Krebsbach's claims under Count II: (1) Krebsbach requests relief that is improperly duplicative of the relief sought under Count I; and (2) neither surcharge nor reformation are available remedies for legal theories asserted by Krebsbach.[1] (Doc. No. 33 at 3, 12.)

---

[1]    Defendants also claim that there was no breach of duty related to information and explain the extensive communications between Krebsbach and Travelers. (Doc. No. 33 at 21-25.) Similarly, Defendants argue that the duty of loyalty was not breached with respect to interpretation of the Plan. (*Id.* at 16.) Both arguments are on the merits of the

4

1.      **Equitable Relief Under ERISA Generally**

ERISA § 502(a)(3) allows a participant, beneficiary, or fiduciary "to obtain other appropriate equitable relief" to redress violations of ERISA "or the terms of the plan." 29 U.S.C. § 1132(a)(3).  In *CIGNA Corp. v. Amara*, the Supreme Court clarified the scope of "appropriate equitable relief" available pursuant to 29 U.S.C. § 1132(a)(3). 563 U.S. 421, 438-42 (2011).  The types of relief available under this provision of ERISA include those that "were typically available in equity."  *Id.* at 439 (quoting *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2006)).

2.      **Duplicative Relief**

   a.     **Make-Whole Relief**

Defendants first argue that Krebsbach will be made whole by Count I alone, which would render Count II improperly duplicative.  (Doc. No. 33 at 3.)  Defendants emphasize that Krebsbach "seeks this additional relief even if the Court determines that the Plan correctly denied Krebsbach's claim for benefits."  (*Id.* at 3.)  "Simply put, because Count I will make her whole, Krebsbach has suffered no additional harm for which a remedy is available under Count II."  (*Id.* at 4.)

Krebsbach asserts that "the Eighth Circuit and district courts have made clear that plaintiffs are permitted to have alternative claims, even where the relief sought is the benefits owed." (Doc. No. 39 at 15.)  Krebsbach points to cases *Silva v. Metropolitan Life Insurance Co.* and *Jones v. Aetna Life Insurance Co.*, in which the Eighth Circuit

---

claims, which should not be addressed in a motion for judgment on the pleadings.  The Court will therefore wait to address these points until appropriate.

5

held that plaintiffs may plead duplicate claims so long as the claims are under different theories of liability.  (*Id.*; *Silva*, 762 F.3d 711, 726 (8th Cir. 2014); *Jones*, 856 F.3d 541, 547 (8th Cir. 2017).)  Krebsbach also points out that the District of Minnesota has precedent allowing a claim for breach of fiduciary duty even when the claim of benefits due failed.  (Doc. No. 39 at 16; *Lanpher v. Metro. Life Ins. Co.*, 50 F. Supp. 3d 1122 (D. Minn. 2014).)

     The Eighth Circuit has explained that such plaintiffs can plead "alternative—as opposed to duplicative—theories of liability" as long as the plaintiff does not ultimately obtain duplicate recoveries.  *Silva*, 762 F.3d at 726.  In evaluating whether a § 1132(a)(1)(B) benefits claim renders a § 1132(a)(3) fiduciary-duty claim improperly duplicative, the Eighth Circuit affirmed that "*Amara* implicitly determined that seeking relief under (a)(1)(B) does not preclude seeking relief under (a)(3)."  *Jones*, 856 F.3d at 544-47; *see also Lanpher*, 50 F. Supp. 3d at 1148 (reading *Silva* to say that if the court concluded that plaintiff was not entitled to relief under his claim for benefits due, relief would still be available under the fiduciary duty claim).  *Jones* upheld *Silva*'s holding that "so long as two claims 'assert different theories of liability,' plan beneficiaries 'may plead both.'"  *Jones*, 856 F.3d at 547 (quoting *Silva*, 762 F.3d at 728 & n.12).  Because claims for benefits due and claims for breaches of fiduciary duty arise from separate theories of legal liability, they are not duplicative.  *See Christoff v. Unum Life Ins. Co. of Am.*, No. 17-3512, 2018 WL 4110963, at *3-4 (D. Minn. Aug. 29, 2018).

     Procedural posture is important when evaluating whether ERISA claims under § 1132(a)(1)(B) and § 1132(a)(3) are duplicative: "At the motion to dismiss stage . . . it is

difficult for a court to discern the intricacies of the plaintiff's claims to determine if the claims are indeed duplicative, rather than alternative, and determine if one or both could provide adequate relief." *Silva*, 762 F.3d at 727. Thus, courts should permit ERISA plaintiffs to plead alternative claims advancing distinct legal theories under these provisions. *See id.* at 727-28. Krebsbach emphasizes this procedural point: "Plaintiff has not had the opportunity to conduct discovery on the Fiduciary Breach claims nor to conduct discovery to assure the Record provided by Travelers is the complete Record as defined by ERISA regulations." (Doc. No. 39 at 12.) Krebsbach identifies no specific discovery that is missing, but surmises that more relevant documents exist. (*Id.* at 33-38.) While the Court fails to see what new information will come forward through discovery, the Court acknowledges that plaintiffs should be permitted to conduct discovery.

Krebsbach's claim for benefits due under § 1132(a)(1)(B) does not preclude recovery under § 1132(a)(3) for alleged breach of fiduciary duty. However, any claim for benefits due under § 1132(a)(3) is precluded, as that would duplicate the remedy under § 1132(a)(1)(B). Krebsbach requests only equitable remedies under Count II, so her claims are not precluded.

### b. SPD Claim

Specific to Krebsbach's claim that the SPD was insufficient, there is no issue of duplication. Because SPDs are not part of a plan itself but simply documents explaining the plan, SPDs are not enforced through typical ERISA benefits due claims. *Amara*, 563 U.S. at 438. As the *Amara* Court stated:

7

> The relevant substantive provisions of ERISA do not set forth any particular standard for determining harm. They simply require the plan administrator to write and to distribute written notices that are "sufficiently accurate and comprehensive to reasonably apprise" plan participants and beneficiaries of "their rights and obligations under the plan." Nor can we find a definite standard in the ERISA provision, § 502(a)(3) (which authorizes the court to enter "appropriate equitable relief" to redress ERISA "violations"). Hence any requirement of harm must come from the law of equity.

*Id.* at 443 (citations omitted) (quoting 29 U.S.C. §§ 1022(a), 1132(a)(3)).

If the Court finds that Defendants' SPD was, in fact, insufficient, Krebsbach's only available remedy is in equity. Therefore, there is no duplication between a potential remedy of benefits due and the lost right of information in this case.

### c. Attorneys' Fees

Relatedly, Defendants argue that attorneys' fees are already a possible award for miscalculation of benefits under ERISA § 502(g), so therefore this relief is within Count I and would be duplicative to award through Count II. (Doc. No. 33 at 17.) Krebsbach rebuts that the attorneys' fees and other costs are a result of denying information, not miscalculation of benefits, so those costs would not be awarded under ERISA's attorneys' fee section. (Doc. No. 39 at 38.)

Defendants do not dispute the legal theory behind this claim. Defendants instead focus on the question of whether they breached their fiduciary duty to provide full information, arguing that there was no such breach because they were very communicative with Krebsbach. (Doc. No. 33 at 21-25.) Krebsbach responds that Defendants' argument is on the merits, which is inappropriate for a motion for judgment

8

on the pleadings. (Doc. No. 39 at 33.) The Court agrees that Defendants are making arguments beyond this phase of litigation. *See supra* note 1.

Krebsbach is correct that fees in this case fall under the umbrella of equitable remedies. In *Christoff*, the Court distinguished between remedies under the plan and remedies for failure to fulfill fiduciary obligations. *Christoff*, 2018 WL 4110963, at *4. Fees awarded for the litigation of benefits due fall into remedies under the Plan and are therefore duplicative. Attorneys' fees sought for Defendants' alleged breach of fiduciary duty by failing to provide prompt, complete, and accurate information fall into the second category. Krebsbach's Count II request for attorneys' fees is therefore not duplicative of relief under Count I.

### 3. Surcharge

Defendants next argue that Krebsbach is not entitled to the remedy of surcharge because Krebsbach fails to show actual harm from the alleged breaches of fiduciary duty. (Doc. No. 33 at 13.)

Relief available under ERISA includes the equitable remedy of "surcharge" or "make-whole relief" through which "[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Amara*, 563 U.S. at 441-42 (quoting Restatement (Third) of Trusts § 95 cmt. c (Am. L. Inst. 2012)). The Supreme Court explained that "[t]he surcharge remedy extended to a breach of trust committed by a fiduciary encompassing any violation of a duty imposed upon that fiduciary." *Id.* at 442. Post-*Amara*, the Eighth Circuit has clarified that ERISA plaintiffs may seek "make-

9

whole, monetary relief under § 1132(a)(3)." *Silva*, 762 F.3d at 724.  To award surcharge, the plaintiff must have suffered actual harm proven by a preponderance of the evidence. *Amara*, 563 U.S. at 444.  That harm can be in either of two forms:  (1) loss of a right protected by ERISA or (2) detrimental reliance.  *Id.*

### a. Loss of a Right

Defendants argue that Krebsbach "has not lost any rights under the Plan for which she cannot be made whole under Count I if, as she alleges, she is entitled to additional benefits under the Plan's terms." (Doc. No. 33 at 14.)  Defendants point to Krebsbach's failure to allege lost eligibility to benefits. (*Id.* at 15.)

Krebsbach asserts that "she lost rights when Travelers took advantage of the Plan's lack of sufficient detail and clarity." (Doc. No. 39 at 14.)  Krebsbach asserts that those lost rights are:  (1) the lack of explanation of how benefits are determined, (2) failing to provide information in a prompt and complete manner, and (3) a lower benefit. (*Id.* at 14, 18.)

ERISA § 102(a) requires a plan administrator to provide beneficiaries with summary plan descriptions and with summaries of material modifications, "written in a manner calculated to be understood by the average plan participant," that are "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a).  This creates a right to information under ERISA.  Krebsbach asserts that Defendants breached their fiduciary duty to provide this information, which is a lost right that can serve as the basis for a surcharge remedy. (Doc. No. 39 at 14.)  Krebsbach is correct.  Failure to provide

10

sufficient SPDs is an injury to beneficiaries in and of itself. *Amara*, 563 U.S. at 444. By claiming that the SPD misled her and that Defendants' calculation of her benefits was inconsistent with the SPD, Krebsbach properly alleges a remediable harm. Krebsbach points to an expert report from Mitchell I. Serota, an actuary who calculated Krebsbach's benefits differently than Defendants using a common pension software. (Am. Compl. ¶¶ 91-92.) A difference between experts' interpretations of the SPD creates a plausible claim that the SPD was insufficient, because it was not clear enough for experts, let alone "the average plan participant." 29 U.S.C. § 1022(a). The Court need not consider further lost rights, as Krebsbach has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Defendants also point again to potential improper duplicity, arguing that any issues of eligibility will be resolved under Count I. (Doc. No. 33 at 17.) Defendants claim that if their interpretation of the Plan, and therefore calculation of benefits, is correct, then there is no make-whole relief to award because no right was lost. (*Id.*) As discussed above, the Eighth Circuit allows duplicate claims so long as there is no duplicate relief. Surcharge is not a duplicative remedy because it is in addition to benefits owed damages. *See Silva*, 762 F.3d at 725 (explaining that monetary remedies for breaches of fiduciary duty act as a deterrent against such breaches and reasoning that to obtain the full effect of such deterrence, the remedy must be on top of the benefits due). Even if Defendants' calculation of benefits is correct, there may still be a breach of fiduciary duty. *Cf. Lanpher*, 50 F. Supp. 3d at 1148. Krebsbach may claim equitable relief in addition to lost benefits.

### b.      Detrimental Reliance

Defendants state that "Krebsbach has not alleged that she relied to her detriment on any terms of the SPD." (Doc. No. 33 at 19.)  Defendants admit that Krebsbach alleges she was misled by the SPD, but states that Krebsbach fails to allege any action taken based on that allegedly misleading language.  (*Id.*)  Further, Defendants argue that because the benefit received was "exactly what Travelers told her" it would be, Krebsbach could not have reasonably relied on the SPD language.  (*Id.* at 20.)

Krebsbach argues that Defendants' failure to provide information impacted her ability to appeal, which could have led Defendants to calculate her benefits differently.  (Doc. No. 39 at 38.)  While not explicitly stated, Krebsbach implies that the detrimental action taken because of that reliance was electing the Plan beginning in December 2021, which Krebsbach alleges provides her with a lower benefit than the Plan beginning in January 2022.  Because Krebsbach does not identify a harm caused by detrimental reliance that would not be duplicative of lost benefits remedy, this Court cannot support detrimental reliance as a pathway to harm for purposes of awarding surcharge.  Therefore, Krebsbach is precluded from surcharge relief under the theory of detrimental reliance under Count II.

### 4.      Reformation

Plaintiff requests reformation of "the Plan in accordance with the SPD and Krebsbach's interpretation of the Plan." (Am. Compl. at 31.)  Reformation is "a traditional power of an equity court" under which the court may reform a contract which

failed to express the agreement of the parties, owing either to mutual mistake or fraud of one party and mistake of the other. *Amara*, 563 U.S. at 440-41; *Silva*, 762 F.3d at 723.

Defendants argue that reformation is not an available remedy to Krebsbach because Krebsbach fails to allege that the Plan failed to express the agreement of the parties. (Doc. No. 33 at 17-18.) Defendants point out that Krebsbach asks for this remedy even if the Court finds that the Defendants' interpretation of the Plan was correct. (*Id.*) Defendants reason that if they are found to have correctly calculated Plan benefits, there is no fraud or mistake on which to base a reformation claim. (*Id.*)

Krebsbach fails to even use the words "fraud" or "mistake" in her amended complaint, nor does she claim that the Plan failed to express the agreement of the parties. Instead, Krebsbach discusses how the interpretations of the same language vary. (Am. Compl. ¶¶ 48-49, 53-61.) Dueling interpretations of the same language is inconsistent with the necessary requirements to award reformation; by explaining her interpretation of the language, Krebsbach implicitly acknowledges that the language expresses her agreement with Defendants. Krebsbach fails to correct these shortcomings in her opposition memorandum. Krebsbach alleges no fraud or mutual mistake, precluding a reward of reformation.

**CONCLUSION**

The Court concludes that *Amara*, *Silva*, and *Jones* plainly foreclose Defendants' motion for judgment on the pleadings with respect to Krebsbach's claims for surcharge under a theory of lost rights and attorneys' fees. Krebsbach's claims not only arise under distinct legal theories—improper denial of benefits under the terms of the Plan and

breach of fiduciary duty—but also seek distinct relief. Specifically, while Count I of Krebsbach's complaint seeks benefits due under the Plan, Count II seeks equitable remedies alleged to arise from Defendants' failure to fulfill its fiduciary obligations to Krebsbach. Under the governing precedent discussed above, the Court declines to dismiss those claims as duplicative. Defendants' motion for partial judgment on the pleadings is denied in part.

The Court concludes that Defendants have, however, met the burden for a motion for judgment on the pleadings with respect to Krebsbach's claim for surcharge under a theory of detrimental reliance. Krebsbach only identifies lost benefits as a harm under detrimental reliance, the damages of which would be impermissibly duplicative of the relief under Count I. Defendants have also met their burden with respect to Krebsbach's claims for reformation. Krebsbach fails to allege that the Plan failed to express the agreement of the parties, or that there was fraud or mutual mistake, precluding an award of reformation.

## ORDER

Based upon the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for judgment on the pleadings (Doc. No. [30]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendants' motion for judgment on the pleadings is **GRANTED** as to Plaintiff's claims for surcharge under a theory of detrimental reliance and for reformation. Plaintiff's claims are **DISMISSED WITH PREDJUDICE**.

14

b. Defendants' motion for judgment on the pleadings is **DENIED** as to Plaintiff's claims for surcharge under a theory of lost rights and for attorneys' fees to remedy the alleged breaches of fiduciary duty under Count II.

Dated: November 14, 2024      s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge