**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Judith M. Krebsbach,

        Plaintiff,

v.

The Travelers Pension Plan and The
Travelers Companies, Inc., *as Plan*
*Administrator and Sponsor of The*
*Travelers Pension Plan*,

        Defendants.

Civil No. 24-257 (DWF/SGE)

**MEMORANDUM**
**OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on non-party Faegre Drinker Biddle & Reath

LLP's ("Faegre") objection (Doc. No. 119) to Magistrate Judge Shannon G. Elkins's

order dated May 27, 2026, ordering Faegre to produce documents sought in a subpoena

duces tecum (Doc. No. 113).  Plaintiff Judith M. Krebsbach opposes the objection.  (Doc.

No. 122.)  For the reasons set forth below, the Court overrules Faegre's objection and

affirms the Magistrate Judge's order.

## BACKGROUND

Krebsbach sued Defendants The Travelers Pension Plan (the "Plan") and The

Travelers Companies, Inc. ("Travelers") (collectively, "Defendants") under the Employee

Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  (Doc.

No. 24 ¶ 1.)  Krebsbach is an employee of Travelers and a participant in the Plan, which

is a qualified defined benefit plan under § 401(a) of the Internal Revenue Code.  (*Id.*

¶¶ 5-7.)  She alleges that Defendants miscalculated her benefits and breached their fiduciary duty.  (*Id.* ¶¶ 120-47.)

Krebsbach initially raised her concerns through an internal claims process.  (*See id.* ¶ 51.)  When that claim was denied, Krebsbach appealed.  (*Id.* ¶ 74.)  That appeal was also denied.  (*Id.* ¶ 95.)  Faegre participated in this process by advising the Plan on its legal obligations regarding Krebsbach's internal claim and appeal of her benefits determination.  (Doc. No. 79-1 at 5.)

On March 31, 2026, Krebsbach served a subpoena duces tecum on Faegre requesting:  "Faegre Drinker Biddle & Reath LLP's entire file for the services provided to Travelers, The Travelers Pension Plan, The Travelers Administrative Committee regarding Judith Krebsbach's pension claim and appeal during the ERISA [administrative] process which have not already been produced in this litigation."  (Doc. No. 79-6 at 2.)  The subpoena requested production of documents by April 13, 2026. (*Id.*)  Faegre timely objected to the subpoena.  (Doc. No. 79-8.)  Faegre argued that the undefined term "entire file" was vague but explained that Faegre interpreted the term to mean the "client file for Ms. Krebsbach's pension claim and appeal during the ERISA administrative process" in accordance with Opinion No. 13 of the Minnesota Lawyers Professional Responsibility Board.  (*Id.* at 2.)  Additionally, Faegre argued that they had no obligation to produce any documents in the client file that had not yet been produced because those represented independent legal analysis and mental impressions and were therefore protected under the work product doctrine.  (*Id.* at 3.)  Further, Faegre noted that they did not believe the documents would be relevant to any claim or defense.  (*Id.*)

Faegre did not produce documents or a privilege log by the deadline. (*See id.*; Doc. No 79 ¶ 3.)

On May 1, 2026, Krebsbach filed a motion for an order to show cause why Faegre should not be held in contempt for failure to produce documents or privilege logs pursuant to the subpoena duces tecum. (Doc. No. 76.) Krebsbach argued that Faegre violated Rule 45 by not serving a privilege log. (Doc. No. 78 at 5-6.) Additionally, Krebsbach argued that Faegre's work was subject to ERISA's fiduciary exception to attorney-client privilege. (*Id.* at 6.)

The Magistrate Judge granted Krebsbach's motion and ordered Faegre to produce documents sought in the subpoena duces tecum that are relevant to Krebsbach's claim denial and appeal only. (Doc. No. 115 at 105.) The Magistrate Judge reasoned that because Faegre advised Defendants on plan administration, Faegre's internal documents would be relevant. (*Id.*) Faegre now appeals that decision. (Doc. No. 119.)

## DISCUSSION

### I.    Legal Standard

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r of Internal Revenue*, 926 F.2d 737, 740 (8th Cir. 1991)

3

(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure."  *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017) (citing *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010)).

## II.    Analysis

Faegre argues that their internal-only documents—documents that were not shared with Defendants—are (1) protected under the work product doctrine, (2) irrelevant, and (3) that production of such documents is disproportionate[1] to the needs of the case.[2]

The main question before the Court is whether the fiduciary exception in ERISA cases applies to Faegre's internal-only documents.  For ERISA cases, courts have made an exception to attorney-client privilege which prevents employers from invoking the privilege against plan beneficiaries.  *See, e.g.*, *Kloss ex rel. TPI Hosp. Emp. Stock Ownership Plan v. Argent Tr. Co.*, No. 23-cv-301, 2025 WL 4289484, at *2-3 (D. Minn. Apr. 1, 2025).  Courts have applied the fiduciary exception to the work product doctrine. *E.g.*, *Durand v. Hanover Ins. Grp., Inc.*, 244 F. Supp. 3d 594, 617 (W.D. Ky. 2016)

---

[1]     Krebsbach argues that arguments regarding relevance and proportionality were waived under Rule 45.  The Court does not consider the arguments waived because Faegre raised these in their response to the subpoena and at the hearing.  *See* Fed. R. Civ. P. 45(d)(2)(B).  Regardless, waiver would not change the outcome today.

[2]     Faegre also argues that such documents are non-responsive to the subpoena.  The subpoena requests Faegre's "entire file."  (Doc. No. 78-6 at 2.)  It was not clear error for the Magistrate Judge to interpret that to include internal-only documents.

(collecting cases); *see also Scalia v. Reliance Tr. Co.*, No. 17-cv-4540, 2020 WL 2111368, at *6 (D. Minn. May 4, 2020) ("The analysis for the fiduciary exception is the same for work product protection."). Employers, as trustees of the plan beneficiary, are not permitted to invoke privilege regarding communications that involve plan administration. *Scalia*, 2020 WL 2111368, at *6. The key inquiry is whether a communication was intended to help a trustee fulfill their duty to the beneficiary. *See id.* at *6-7, *11; *Solis v. Principal Fin. Grp.*, No. 10-mc-45, 2011 WL 13290335, at *5 (S.D. Iowa Sep. 6, 2011).

Faegre, as Defendants' attorneys, were involved with Krebsbach's claim for benefits and the subsequent appeal. The fiduciary exception makes clear that an attorney's work can be relevant to litigation about benefits due. It therefore reasons, as the Magistrate Judge explained, it is possible that some of Faegre's internal discussions about the claims would also be relevant because those internal discussions informed the communications between Faegre and Defendants. The reasoning for the fiduciary exception is to ensure any document that impacted decision-making is available to plaintiff. It was not clear error to apply the same reasoning to Faegre's internal documents.

Further, the Magistrate Judge already provided a method to avoid sharing information that should properly be withheld from discovery. The Magistrate Judge ordered Faegre to produce a privilege log. If the Magistrate Judge conducts an in-camera review of the documents and finds that they did not impact Krebsbach's benefit claim,

Faegre need not disclose them.  The order balanced Plaintiff's interest in disclosure and Faegre's need for privacy.  The Magistrate Judge properly considered proportionality.

Whether these documents will ultimately be protected by the work product doctrine is an open question.  Before the production of a privilege log, any objection on the basis that the documents are protected as work product is premature.  *See, e.g.*, *Murphy ex. rel. Murphy v. Piper*, No. 16-cv-2623, 2018 WL 2538281, at *8 (D. Minn. June 4, 2018) ("Documents that are attorney-client privileged or that are protected by the work-product doctrine must be listed on a privilege log.").  Again, in-camera review of the documents for which Faegre claims work product can resolve that question.

## CONCLUSION

The Court finds that the Magistrate Judge's order was neither contrary to law nor clearly erroneous.  Accordingly, the Court overrules Faegre's objection and affirms the Magistrate Judge's order.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Non-party Faegre Drinker Biddle & Reath LLP's objection (Doc. No. [119]) to Magistrate Judge Shannon G. Elkins's order dated May 27, 2026, is **OVERRULED**.

2.      Magistrate Judge Shannon G. Elkins's order dated May 27, 2026, (Doc. No. [113]) is **AFFIRMED**.

3.      All other requested relief is respectfully **DENIED**.


Dated:  July 22, 2026                         s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge